# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF SOUTH CAROLINA
# FLORENCE DIVISION

| | |
|---|---|
| CYNTHIA G. CLIFTON,<br><br>    Plaintiff,<br><br>vs.<br><br>MASTERCORP, INC.,<br><br>    Defendant. | Civil Action No. 4:17-cv-02719-RBH-KDW<br><br><br>**DEFENDANT MASTERCORP, INC.'S ANSWER AND AFFIRMATIVE DEFENSES** |

Defendant MasterCorp, Inc. ("Defendant"), by and through its undersigned counsel, files this Answer and Affirmative Defenses to the Complaint filed by Plaintiff Cynthia G. Clifton ("Plaintiff"). Defendant hereby answers the Complaint as follows:

1. Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations set forth in Paragraph 1 and therefore denies the same.

2. Admitted.

3. Admitted.

## FACTS

4. Admitted.

5. Defendant admits only that Plaintiff applied for employment and was hired as a Housekeeper. Defendant is without sufficient knowledge or information to form a belief as to the truth of the remaining allegations set forth in Paragraph 5 and therefore denies the same.

6. Denied.

7. Defendant admits only that housekeepers' compensation is based upon rooms cleaned. Except as specifically admitted herein, all remaining allegations of Paragraph 7 are expressly denied.

8. Defendant admits only that Defendant provides supervisor training and that Defendant provided supervisor training to Plaintiff. Except as specifically admitted herein, all remaining allegations of Paragraph 8 are expressly denied.

9. Defendant admits only that Defendant issued disciplinary warnings to Plaintiff due to Plaintiff's misconduct. Except as specifically admitted herein, all remaining allegations of Paragraph 9 are expressly denied.

10. Defendant admits only that Defendant issued disciplinary warning to Plaintiff due to Plaintiff's misconduct. Except as specifically admitted herein, all remaining allegations of Paragraph 10 are expressly denied.

11. Denied.

12. Denied.

13. Denied.

14. Defendant admits only that Defendant promoted Plaintiff to Supervisor effective June 29, 2014 and raised her wages to $11.00 per hour. Except as specifically admitted herein, all remaining allegations of Paragraph 14 are expressly denied.

15. Denied.

16. Defendants admit only that Defendant promoted Plaintiff to Lead Supervisor effective October 28, 2014 and raised her wages to $12.00 per hour. Except as specifically admitted herein, all remaining allegations of Paragraph 16 are expressly denied.

17. Defendant admits only that Plaintiff made complaints during her employment to which Defendant responded appropriately. Except as specifically admitted herein, all remaining allegations of Paragraph 17 are expressly denied.

18. Defendant admits only that Defendant promoted Plaintiff to Assistant Executive Housekeeper in 2015 with the commensurate appropriate wages. Except as specifically admitted herein, all remaining allegations of Paragraph 18 are expressly denied.

19. Denied.

20. Denied.

21. Defendant admits only that, although Plaintiff was not qualified for transfer because of her performance and disciplinary issues, Defendant accommodated Plaintiff's transfer request subject to certain conditions, to which Plaintiff agreed. Except as specifically admits herein, all remaining allegations of Paragraph 21 are expressly denied.

22. Defendant admits only that salaries for the Executive Housekeeper position depend on factors including the market and size and scope of the worksite. Except as specifically admitted herein, all remaining allegations of Paragraph 22 are expressly denied.

23. Defendant admits only that, although Plaintiff was not qualified for transfer because of her performance and disciplinary issues, Defendant accommodated Plaintiff's transfer request subject to certain conditions, to which Plaintiff agreed. Except as specifically admits herein, all remaining allegations of Paragraph 23 are expressly denied.

24. Defendant admits only that, although Plaintiff was not qualified for transfer because of her performance and disciplinary issues, Defendant accommodated Plaintiff's transfer request subject to certain conditions, to which Plaintiff agreed. Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations regarding Plaintiff's daily expenses, cost of living or residency and therefore denies the

same. Except as specifically admitted herein, all remaining allegations of Paragraph 24 are expressly denied.

25. Defendant admits only that, although Plaintiff was not qualified for transfer because of her performance and disciplinary issues, Defendant accommodated Plaintiff's transfer request subject to certain conditions, to which Plaintiff agreed. Except as specifically admits herein, all remaining allegations of Paragraph 25 are expressly denied.

26. The allegations in Paragraph 26 of Plaintiff's Complaint contain conclusions of law to which no response is required. To the extent a response is required, Defendant denies such allegations.

27. Denied.

28. Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations regarding what Plaintiff subjectively observed and therefore denies the same.

29. Defendants admit only that Plaintiff made complaints to Human Resources during her employment with Defendant. Except as specifically admitted herein, all remaining allegations of Paragraph 29 are expressly denied.

30. Denied.

31. Defendants admit only that Plaintiff stayed on property. Except as specifically admitted herein, all remaining allegations of Paragraph 31 are expressly denied.

32. Denied.

33. Denied.

34. Defendant admits only that Defendant's Employee Manual states that sexual harassment "complaints will be kept confidential to the extent possible, but confidentiality cannot be

guaranteed." Except as specifically admitted herein, all remaining allegations of Paragraph 34 are expressly denied.

35. Denied.

36. Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations regarding Plaintiff's subjective beliefs and therefore denies the same.

37. Denied.

38. The allegations in Paragraph 38 of Plaintiff's Complaint contain conclusions of law to which no response is required. To the extent a response is required, Defendant denies such allegations.

**FOR A FIRST CAUSE OF ACTION**
**(Violation of Title VII of the Civil Rights Act of 1964)**

39. Defendant hereby incorporates its responses to paragraphs 1 – 38 as if set forth verbatim.

40. The allegations in Paragraph 40 of Plaintiff's Complaint contain conclusions of law to which no response is required. To the extent a response is required, Defendant denies such allegations.

41. Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegation regarding the date Plaintiff received her "Right to Sue Notice" and therefore denies the same. Further answering, any relevant EEOC documentation will speak for itself.

42. Defendant admits only that Plaintiff is an African American. Defendant denies all allegations not expressly admitted herein, including each allegation in each subpart (a) through (e), of Paragraph 42.

43. Denied.

44. Denied.

45. Denied.

## FOR A SECOND CAUSE OF ACTION
### (Retaliation)

46. Defendant hereby incorporates its responses to paragraphs 1 – 45 as if set forth verbatim.

47. Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations regarding Plaintiff's subjective beliefs and therefore denies the same.

48. Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations regarding Plaintiff's subjective beliefs and therefore denies the same.

49. Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations regarding Plaintiff's subjective beliefs and therefore denies the same.

50. Denied.

51. Denied.

52. Denied.

## FOR A THIRD CAUSE OF ACTION
### (Misrepresentation)

53. Defendant hereby incorporates its responses to paragraphs 1 – 52 as if set forth verbatim.

54. Defendant admits only that, although Plaintiff was not qualified for transfer because of her performance and disciplinary issues, Defendant agreed to accommodate Plaintiff's transfer request subject to certain conditions, to which Plaintiff agreed. Except as specifically admitted herein, all remaining allegations in Paragraph 54 are expressly denied.

55. Defendant admits only that, although Plaintiff was not qualified for transfer because of her performance and disciplinary issues, Defendant agreed to accommodate Plaintiff's transfer request subject to certain conditions, to which Plaintiff agreed. Except as

specifically admitted herein, all remaining allegations in Paragraph 55 are expressly denied.

56. Denied.

57. Denied.

58. Denied.

## FOR A FOURTH CAUSE OF ACTION
### (Sexual Harassment)

59. Defendant hereby incorporates its responses to paragraphs 1 – 58 as if set forth verbatim.

60. Denied.

61. Denied.

62. Denied.

## FOR A FIFTH CAUSE OF ACTION
### (Breach of Unilateral Contract)

63. Defendant hereby incorporates its responses to paragraphs 1 – 60 as if set forth verbatim.

64. Denied.

65. The allegations in Paragraph 65 of Plaintiff's Complaint contain conclusions of law to which no response is required. To the extent a response is required, Defendant denies such allegations.

66. Denied.

67. Denied.

68. Denied.

## FOR A SIXTH CAUSE OF ACTION
### (FLSA Overtime and Record Keeping Violations, 29 U.S.C. §§201 et. seq.)

69. Defendant hereby incorporates its responses to paragraphs 1 – 68 as if set forth verbatim

70. The term "regularly" is vague and ambiguous causing Defendant to speculate as to its meaning and therefore Defendant denied the allegations set forth in Paragraph 70.

71. Denied.

72. Denied.

Defendant denies Plaintiff is entitled to any relief in Plaintiff's prayer for relief.

## ADDITIONAL AND AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

Plaintiff's Complaint, in whole or in part, fails to state a claim upon which relief can be granted and should be dismissed pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure.

### SECOND AFFIRMATIVE DEFENSE

Plaintiff's claims are barred, in whole or in part, by the doctrines of waiver, unclean hands, estoppel, acquiescence, laches and/or Plaintiff's failure to act in good faith.

### THIRD AFFIRMATIVE DEFENSE

Defendant's actions and decisions with respect to Plaintiff were taken in good faith and for legitimate, non-discriminatory, and non-retaliatory reasons.

### FOURTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred to the extent that such claims rely on alleged acts of harassment, retaliation or discrimination occurring more than 300 days before the filing of a Charge of Discrimination with the Equal Employment Opportunity Commission.

### FIFTH AFFIRMATIVE DEFENSE

To the extent Plaintiff failed to file her Complaint within 90 days of receiving her Notice of Right to Sue from the EEOC, all relevant claims are barred.

### SIXTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred in whole or in part by the applicable statutes of limitation.

## SEVENTH AFFIRMATIVE DEFENSE

Defendant did not harass, retaliate or otherwise discriminate against Plaintiff based upon her race, sex or any other protected category.

## EIGHTH AFFIRMATIVE DEFENSE

At all times relevant herein, Plaintiff failed to put Defendant on notice of any alleged misconduct in a timely manner, failed to take advantage of preventative and corrective opportunities provided by Defendant, or to avoid harm otherwise, and failed to provide Defendant a reasonable opportunity to stop or correct the alleged misconduct and to remedy the alleged harm. As a result, Defendant was not and should not have been aware of the alleged misconduct.

## NINTH AFFIRMATIVE DEFENSE

Defendant is entitled to the affirmative defense recognized by the United States Supreme Court in *Burlington Industries, Inc. v. Ellerth,* 524 U.S. 742, 118 S.Ct. 2257, 141 L.Ed.2d 633 (1998) and *Faragher v. City of Boca Raton,* 524 U.S. 775, 118 S.Ct. 2275, 142 L.Ed.2d 662 (1998). In particular, (1) Defendant at all relevant times had in place a clearly articulated and well-known policy prohibiting such discrimination, harassment and retaliation, (2) Plaintiff unreasonably failed to avail herself of the complaint procedure set forth in Defendant's policies, and (3) Defendant took prompt remedial action once it received notice of any complaints.

## TENTH AFFIRMATIVE DEFENSE

Defendant cannot be liable for any alleged discrimination, harassment, or retaliation by its agents, if any, because Defendant at all times relevant to this matter made a good-faith effort to comply with all applicable laws, and any action by any agent, if any, contrary to this effort

was in violation of Defendant's instructions, policies and procedures and was outside the scope of his or her authority.

## ELEVENTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred because, to the extent any person affiliated with Defendant engaged in conduct contrary to the law, such conduct was outside the scope of that person's authority, was in direct contravention of Defendant's express policies, and occurred without the consent or ratification of Defendant.

## TWELFTH AFFIRMATIVE DEFENSE

Plaintiff's retaliation claim is barred because there was no causal connection between any alleged protected activity and any alleged adverse employment action.

## THIRTEENTH AFFIRMATIVE DEFENSE

At all times, Defendant acted in good faith and in a reasonable manner toward Plaintiff.

## FOURTEENTH AFFIRMATIVE DEFENSE

There is no causal relationship between Plaintiff's allegations of alleged discrimination, harassment, or retaliation and any damages or harm alleged by Plaintiff.

## FIFTEENTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred, in whole or in part, because of failure to exhaust her internal and/or administrative remedies.

## SIXTEENTH AFFIRMATIVE DEFENSE

Plaintiff is not entitled to recover punitive damages from Defendant under any circumstances, and has failed to allege facts sufficient to state a claim for punitive damages against Defendant. Therefore, Plaintiff fails to state a claim for punitive damages against Defendant.

**SEVENTEENTH AFFIRMATIVE DEFENSE**

In the event that this Court finds Defendant liable to Plaintiff, Defendant avers that any damages sought or awarded are subject to all applicable caps and/or limitations imposed by law.

**EIGHTEENTH AFFIRMATIVE DEFENSE**

Plaintiff's injuries or damages, if any, were not proximately caused by any acts, errors, or omissions of Defendant.

**NINETEENTH AFFIRMATIVE DEFENSE**

Plaintiff has failed to mitigate her damages, if any.

**TWENTIETH AFFIRMATIVE DEFENSE**

Defendant is entitled to a credit or offset against an award of back pay to Plaintiff, if any, based on income and earnings Plaintiff has received or, with reasonable diligence, could have received, following her voluntary separation of employment.

**TWENTY-FIRST AFFIRMATIVE DEFENSE**

Defendant compensated Plaintiff in accordance with applicable FLSA requirements, and, as such, Plaintiff has been paid and/or received all wages due to her by virtue of her employment with Defendant.

**TWENTY-SECOND AFFIRMATIVE DEFENSE**

Defendant acted in good faith to comply with the FLSA and with reasonable grounds to believe that its actions did not violate the FLSA, and asserts a lack of willfulness or intent to violate the FLSA as a defense to any claim by Plaintiff for liquidated damages.

**TWENTY-THIRD AFFIRMATIVE DEFENSE**

Plaintiff's FLSA claim is barred to the extent she performed work that falls within exemptions, exclusions, or credits provided for in the FLSA.

**TWENTY-FOURTH AFFIRMATIVE DEFENSE**

Defendant hereby affirmatively pleads the statute of frauds as a complete defense to Plaintiff's breach of unilateral contract claim.

**TWENTY-FIFTH AFFIRMATIVE DEFENSE**

To the extent Plaintiff engaged in misconduct, violation of Company policies, or other conduct that would have resulted in her termination by, or would have precluded her from obtaining employment with Defendant, had Defendant discovered such conduct, Plaintiff is barred from recovering a remedy.

**TWENTY-SIXTH AFFIRMATIVE DEFENSE**

Defendant reserves the right to assert any such additional defenses as circumstances may dictate and which become known during the course of this litigation.

WHEREFORE, Defendant MasterCorp, Inc. respectfully requests that:

(a) The Complaint be dismissed in its entirety;

(b) Judgement be entered against Plaintiff and in favor of Defendant;

(c) Defendant be awarded its costs, attorneys' fees, and expenses in the amount and manner permitted by applicable law; and,

(d) This Court award such other and further relief as is just and proper.

Dated: December 8, 2017

Respectfully submitted,

*/s/ Matthew S. Brown*
Matthew S. Brown
Federal Bar No. 11493
mabrown@littler.com
LITTLER MENDELSON, P.C.
100 N. Tryon Street, Suite 4150
Charlotte, NC  28202

*Secondary Address*
1320 Main Street, Suite 300

Columbia, SC 29201
Telephone:  704-972-7037
Facsimile:   704-333-4005

Attorneys for Defendant MasterCorp, Inc.

**CERTIFICATE OF SERVICE**

This is to certify that, on December 8, 2017, the undersigned filed the foregoing **ANSWER AND AFFIRMATIVE DEFENSES** using the Court's CM/ECF system, as well as via U.S. Mail, postage pre-paid to:

Natalie S. Stevens-Graziani, Esq.
Stevens Law Firm, P.C.
Post Office Drawer 127
Loris, SC 29569
Attorney for Plaintiff

*/s/Matthew S. Brown*
Matthew S. Brown
Attorneys for Defendant